**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARK SHOOK, et al., | ) | Case No.: 3-03-07216-JGC |
| | ) | |
| Plaintiffs, | ) | Lucas County Court of Common Pleas |
| | ) | Case No.: CI-200302289 |
| v | ) | |
| | ) | |
| ROSSIGNOL TRANSPORT, LTD., | ) | Honorable James G. Carr |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### *BRIEF IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' MOTION TO DISMISS CLAIMS OF NEGLIGENT ENTRUSTMENT AND NEGLIGENT HIRING, AND DEFENDANTS' MOTION TO BIFURCATE THE TRIAL FOR COMPENSATORY AND PUNITIVE DAMAGES*

In a word, the defendants have become <u>desperate</u>. After filing an answer denying all liability and requiring the plaintiffs to incur the cost of an expert in trucking; travel to and from New Brunswick, Canada, for depositions; and depositions in Michigan and Ohio, defendants have now admitted all liability and dropped all claims of comparative negligence.

Defendants are now pursuing desperate measures to avoid the trial of this matter currently scheduled for March 23, 2004. Plaintiffs are quite sure that these are the first of many motions to try to avoid that trial date in light of the looming occurrence of the defendants being held responsible for the actions that injured Mr. Shook.

### *Motion to Dismiss*

Defendants first ask this Court to **dismiss** claims for negligent entrustment and negligent hiring. Defendants provide no statutory or case law support for dismissing these claims.

Dismissal of claims must be supported consistent with Fed. R. Civ. P. 56. In this case, the defendants have put forth nothing to support a motion for summary judgment under Rule 56. To the contrary, defendants have admitted the liability of Mr. DeVost (the truck driver), but now seek dismissal of the direct actions against Rossignol Transport, Ltd. This would open up the plaintiffs to assorted unknown problems in the future.

Rossignol Transport, Ltd. is a Canadian corporation. Rossignol Transport, Ltd. is insured by a Canadian insurance carrier (Kingsway Insurance). Through assorted methods, the defendants may seek to avoid the judgment in the future by claiming that the <u>only judgment is against Mr. DeVost</u> and that there is no actual judgment for active negligence or violation of a duty owed to Mr. Shook by Rossignol Transport, Ltd.

By dismissing the claims against Rossignol Transport, Ltd., Kingsway Insurance may somehow try to avoid a judgment that pertains only to claims against Mr. DeVost. Kingsway Insurance may claim Rossignol used an inappropriate driver or that Mr. DeVost is for some reason not an insured.

It appears that defendants are really attempting to file a motion in limine that plaintiffs not raise the extraordinary misconduct of Rossignol Transport, Ltd. in light of

an admission of liability by Mr. DeVost.

Attached hereto is the report of plaintiffs' expert in trucking, George Beaulieu. **(Exhibit A)** Mr. Beaulieu will testify consistently with his report at the time of trial. Mr. Beaulieu will point out that defendant Rossignol Transport knowingly and intentionally sent the unqualified driver into the United States. Not only could Mr. DeVost not speak English as required under the Federal Motor Carrier Act, but he also violated U.S. hours-of-service rules prior to entry into the country and falsified his log. Mr. Beaulieu will point out that Rossignol then intentionally did not have the driver tested for amphetamines as required post-accident.

Mr. Beaulieu will review Rossignol's creation of an intentionally misleading driver qualification file to make it appear as if Mr. DeVost was qualified to drive in the United States. This will include testimony wherein defendants created a U.S. Federal Motor Carrier Safety Act test, which appears to have been answered in English, when in fact it was **translated into French for Mr. DeVost**. Plaintiffs will also show that Mr. Rossignol and Mr. DeVost perjured themselves in regard to this event. However, the man who administered the test, Yvon Martin, conclusively testified to his participation in translating the test for Mr. DeVost and that he advised Don Rossignol of doing so.

Plaintiffs will point out the trier of fact defense counsel's own statement at the time of the deposition of Mr. DeVost that the fact that he could speak English is proven by the fact that he took the test. Clearly, the intent was to mislead all into believing that Mr. DeVost could speak English when he clearly cannot.

3

### *Conclusion Re: Dismissal*

Defendants have provided no evidence as required in order to receive a dismissal of claims of negligent entrustment and negligent hiring. Their motion is, in fact, one to limit the introduction of testimony at the time of trial. Plaintiffs contend this should only take place if the Court does, in fact, bifurcate the trial, and if defendant Rossignol Transport, Ltd. admits liability for negligent entrustment and negligent hiring. If such were the case, and judgment were equally entered against DeVost and Rossignol Transport, Ltd., then a motion in limine would be appropriate.

### *Bifurcation of Trial*

Defendants claim that a bifurcation of trial is called for under Fed. R. Civ. P. 42(b). A simple reading of the rule indicates that to the contrary, the trial on the issues of compensatory and punitive damages should not be bifurcated. Fed. R. Civ. P. 42(b) states:

> **Separate Trials.** The Court, in furtherance of convenience, were to avoid prejudice, or when separate trials will be conducive to **expedition and economy** (emphasis added), may order a separate trial of any claim, cross-claim, counter-claim or third-party claim, or any separate issue or any number of claims, cross-claims, counter-claims, third-party claims or issues, always preserving inviolate the right of trial by jury as declared by the seventh amendment of the constitution, or is given by a statute of the United States.

As outlined above, plaintiffs will present extraordinary proofs of the violation of the safety provisions of the United States Federal Motor Carrier Act by Rossignol Transport, Ltd. that directly led to Mr. Shook's injuries. The real story in the case at

hand is that Kingsway Insurance, the insurance carrier of Rossignol Transport, Ltd., has indicated to plaintiffs' counsel and to the defendant, their insured, that they will not provide coverage for punitive damages.  As such, the insurance carrier seeks to bifurcate the trial.  This, of course, will double the expense for the plaintiffs in this case, will help insulate the insurance carrier from judgment, and will require this Honorable Court to empanel two different juries on two different occasions.

>  Within defendants' brief, defense counsel claims:

>> The evidence presented by plaintiffs in their attempt to prove punitive damages, by its very nature, is designed to prejudice the jury against the target defendant.  This prejudicial evidence has no place in a pure "damage only" trial.

> Defendants also go on to contend:

>> Furthermore, if the evidence to punitive damages presented simultaneously with evidence to prove compensatory damages, the jury may be unable to distinguish between the two types of damages.

These arguments by defense counsel are unsupported by case law in either the Federal or Ohio Courts.  This claim is unsupported by the Federal Rules of Civil Procedure, which seeks judicial economy, not the creation of multiple trial dates to suit the insurance carrier.  Lastly, attached hereto is a recent study contained within the Defense Research Institutes' publication, *"For the Defense,"* which indicates that research has shown that when punitive damages cases are coupled with the compensatory damages cases, verdicts are lower, not higher, as claimed by defense

counsel.  **(Exhibit B)**

Lastly, to claim that a jury cannot tell, when accurately instructed, the difference between compensatory and punitive damages is without support.  Everyday juries figure out the difference between special damages and compensatory damages.  They certainly can determine the difference between punitive damages and compensatory damages when properly instructed by the Court.

### *Conclusion*

Defendants' motion to dismiss is unsupported under the Federal Rules of Civil Procedure or by Federal or State case law.  It is, in fact, a motion in limine in disguise, or is potentially an attempt to avoid payment of a judgment subsequent to the trial of this matter.  Plaintiffs request this Honorable Court to deny the motion to dismiss.

Plaintiffs further request this Honorable Court to deny defendants' motion to bifurcate.  Plaintiffs have been dragged through a liability case where defendants at no time had a viable liability defense.  Now, the defendants seek to require plaintiffs to participate in two trials; not because this is supported by the Federal Rules of Civil Procedure or case law, but because of the tactics of an insurance carrier refusing to provide a defense and indemnification on a particular issue.  Plaintiffs have shown by definitive research by the Defense Research Institute that there is no prejudice to trying these cases simultaneously, and defendants have presented no evidence they will be prejudiced at the time of trial.

*WHEREFORE*, plaintiffs move this Honorable Court to deny defendants' motions.

Dated: March 1, 2004      **GARAN LUCOW MILLER, P.C.**

               By:   s/<richardeholmesjr.>
                  Richard E. Holmes, Jr.  0038752
                  Attorneys for Plaintiffs
               BUSINESS ADDRESS:
                  700 Rockford Center Building
                  110 Ionia, NW
                  Grand Rapids, MI 49503
                  Telephone: (616) 742-5500
                  Facsimile: (616) 742-5566
               E-Mail Address: rholmes@garanlucow.com